JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Bryan Cummings appeals his conviction from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Cummings was charged in a six-count indictment, which included two counts of robbery, two counts of breaking and entering, one count of vandalism, and one count of theft. He pled guilty to one count of robbery, and the remaining counts were dismissed as part of the plea agreement. Cummings was sentenced to five years in prison. In addition, Cummings was found to be in violation of his community control sanctions, and the court imposed the balance of his two-year sentence. The sentences were ordered to run consecutive to each other. Cummings appeals, advancing one assignment of error for our review, which states the following:
 {¶ 3} "Bryan Cummings was deprived of his liberty without due process of law, when the trial court accepted his guilty plea without first having explained to Mr. Cummings all of the consequences of his guilty plea."
 {¶ 4} In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his plea of guilty or no contest. State v. Ball (July 17, 1997), Cuyahoga App. No. 71036. Adherence to the provisions of Crim.R. 11(C)(1) requires an oral dialogue between the trial court and the defendant, which enables the court to determine whether the defendant *Page 4 
understands the consequences of his plea. Id., citing State v.Caudill (1976), 48 Ohio St.2d 342, paragraph two of the syllabus.
 {¶ 5} Crim.R. 11(C) provides in pertinent part:
 "(1) * * *
 "(2) In felony cases the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and:"(a) Determining that he is making the plea voluntarily, with the understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation. "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence."(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 6} The Supreme Court of Ohio has established that a trial court in accepting a plea of guilty, need only substantially comply with the mandates of Crim.R. 11(C). State v. Stewart (1977), 51 Ohio St.2d 86,92. In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court stated, "Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.Stewart, supra, at 93; Crim.R. 52(A). The test is whether the plea would otherwise have been made. Id. at 108. *Page 5 
 {¶ 7} Cummings alleges that his plea was not knowingly, intelligently, and voluntarily entered into because he was not advised that his guilty plea would violate his parole and subject him to more prison time. Cummings argues that the mandates of Crim.R. 11, regarding his knowledge of the full extent of his prison exposure, were violated. This court has previously held that "maximum penalty" refers to the charge to which the defendant is pleading guilty or no contest. See State v. Flint (1986),36 Ohio App.3d 4; State v. Johnson (1988), 40 Ohio St.3d 130. Moreover, there is no mention in Crim.R. 11(C) about consecutive and/or concurrent sentencing. Flint, supra, 36 Ohio App.3d at 9-10. Thus, under Crim.R. 11(C), a trial court is not required to inform a defendant who is currently on parole of both the maximum sentence for the charge to which he is pleading guilty and a potential sentence for a parole violation, which could run consecutively to his current sentence. Ball, supra.
 {¶ 8} Nevertheless, the transcript reflects that the following colloquy took place at the plea hearing:
 "Court: You are on post-release control [parole] at this time; is that correct?
 Cummings: Yes, your Honor.
 Court: Do you understand pleading guilty to this offense is a violation of post-release control and you would be subject to whatever ramifications that might entail?
 Cummings: Yes, your Honor. *Page 6 
 Court: You are also on judicial release. You are on probation to this Court, so that's also considered a probation violation, so you are subject to those ramifications as well?
 Cummings: Yes, your Honor.
 Court: Do you understand?
 Cummings: Yes, your Honor."
 {¶ 9} After a review of the record, we find that the trial court substantially complied with the requirements of Crim.R. 11. We also note that Cummings was advised that pleading guilty would violate his parole and subject him to other ramifications. Finally, we reiterate what was stated in Flint, 36 Ohio App.3d at 10:
 "Pursuant to R.C. 2967.15, the violation is within the finding of a parole jurisdiction of the Adult Parole Authority. It is the Parole Authority which sets the terms and conditions of the parole. It is also the Parole Authority which determines whether or not the parolee should be declared a violator of the terms and conditions of his parole. R.C. 2967.15. Therefore, although the trial court can inform the appellant of the possible sentences it can impose for the present crime, it cannot determine the actual effect the guilty plea will have on the appellant's parole status. The trial court has no jurisdiction or sentencing power over the appellant's parole status."
 {¶ 10} (Emphasis added.) Accordingly, Cummings sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1