[Cite as *State v. Richardson*, 2014-Ohio-2984.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100838**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BERNARD RICHARDSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-570825-A

**BEFORE:** Boyle, A.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Jesse Canonico
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44115

**Also listed:**

Bernard Richardson
Inmate No. A650955
Marion Correctional Institution
940 Williamsport Road, E.
Marion, Ohio   43302

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Bernard Richardson, appeals from a judgment convicting him of involuntary manslaughter and aggravated robbery and sentencing him to 20 years in prison. Richardson's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel.

{¶2} In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id*. Further, counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief. *Id*. In this case, appointed counsel fully complied with the requirements of *Anders*.

{¶3} On April 8, 2014, this court ordered appointed counsel's motion be held in abeyance pending our independent review of the case. We further notified Richardson that he had until May 23, 2014, to file his own appellate brief, but Richardson did not do so.

{¶4} Richardson's appointed counsel states in his *Anders* brief that he extensively reviewed the record, including the transcript of the proceedings, and concluded that there are no meritorious arguments that he could make on Richardson's

behalf. In compliance with *Anders*, appointed counsel has submitted the following potential assignment of error:

> The trial court abused its discretion in failing to inform appellant of the consequences of his plea pursuant to Crim.R. 11.

{¶5} After conducting an independent review of Richardson's case, we affirm the trial court's judgment and grant appointed counsel's motion to withdraw.

Procedural History and Factual Background

{¶6} In January 2013, Richardson and an accomplice went into a store with the intent to rob it. During the robbery, the store owner was shot and killed. An employee of the store, who witnessed the robbery, later identified Richardson as the person who "provided cover for the shooter as the robbery was taking place." Although Richardson was not the actual shooter, he later admitted that he planned the robbery.

{¶7} Richardson was indicted on eights counts, including two counts of aggravated murder, and one count each of aggravated robbery, kidnapping, murder, robbery, felonious assault, and having a weapon while under a disability. All of the counts (except the weapon disability count) carried one- and three-year firearm specifications. Richardson pleaded not guilty to all charges.

{¶8} On day two of Richardson's jury trial, in the middle of jury selection, the state brought a matter to the trial court's attention. After proceedings had been completed the previous day, Richardson made a phone call to his wife from jail. The phone call was recorded. The state indicated to the trial court that it had reviewed the

recording, and provided a copy of it to Richardson's defense counsel. The state explained that in the recording, Richardson told his wife that one of the state's witnesses would be harmful to his case. Richardson asked his wife to prevent this witness from appearing in court and testifying against him. The state indicated that it would introduce the recording at trial. Defense counsel objected to the state's introduction of the recording based on spousal immunity.

{¶9} The trial court ruled that the recording would not be barred by spousal immunity because it would not be introduced through Richardson's wife's testimony, but through a police officer authenticating the recording. The trial court further indicated that the recording was not hearsay because Richardson's statements on the recording were statements against his own interest. Thus, the trial court stated that it would overrule defense counsel's objection at trial and allow the recording to be played for the jury.

{¶10} At that point, the state and defense counsel informed the trial court that a plea agreement had been reached. Richardson withdrew his former plea of not guilty and pleaded guilty to amended Count 1 of involuntary manslaughter and Count 3, aggravated robbery, as well as the one- and three-year firearm specifications attached to each count. The remaining counts against Richardson were nolled.

{¶11} At the plea hearing, the state informed the court that all of the firearm specifications would merge. The state also informed the court that as part of the plea, Richardson agreed that the involuntary manslaughter and aggravated robbery counts were not allied offenses of similar import and, thus, would not merge for purposes of

sentencing. The state further indicated that as part of the plea negotiation, it would not pursue additional charges against Richardson or his wife for potential witness tampering.

{¶12} During the trial court's plea colloquy with Richardson, Richardson indicated that he was 24 years old, attended high school until 11th grade, was not under the influence of any substance that would cause him to not understand the proceedings, and that he was an American citizen. Richardson also told the court that no threats or promises had been made to him to get him to change his plea.

{¶13} The trial court then asked Richardson if he was presently on community control sanctions or probation for another case. Richardson informed the court that he was; defense counsel explained that it was for federal court. The trial court stated:

> Now, do you understand that by entering the plea here today, that may have some impact on your probation with the federal charges but I don't have any control of that. I just want to make sure that you understand that there may be some ramifications to the federal case as a result of entering the plea. Do you understand that?

{¶14} Richardson stated that he understood. Richardson further stated that he was not on probation or parole for any other case, that he discussed the facts of his case with his defense counsel, and that he was satisfied with his counsel's representation. The trial court then informed Richardson of his constitutional rights that he was waiving by entering into the plea and ensured that Richardson understood each right and that he was waiving that right.

{¶15} Finally, the trial court informed Richardson of the nature of the charges against him, and the maximum penalty he faced for each charge and specification. The

trial court also informed Richardson that he would be subject to a mandatory term of five years of postrelease control upon his release from prison, and informed him of the consequences that he would face if he violated the terms of his postrelease control.

{¶16} At the conclusion of the plea hearing, the trial court accepted Richardson's guilty pleas, finding them to be knowingly, intelligently, and voluntarily made. The trial court then found Richardson guilty of involuntary manslaughter and aggravated robbery with the firearm specifications attached to each charge.

{¶17} The trial court held a sentencing hearing at a later date so that a presentence investigation report could be completed. At the sentencing hearing, the trial court heard from the state, the victim's family members, defense counsel, Richardson, and Richardson's family members. The trial court also reviewed Richardson's adult and juvenile criminal history.

{¶18} The trial court sentenced Richardson to a total of 20 years in prison: three years for the firearm specifications to be served prior to and consecutive to all other terms, seven years for involuntary manslaughter, and ten years for aggravated robbery, with the aggravated robbery count to be served consecutive to the involuntary manslaughter count. In sentencing Richardson to consecutive sentences, the trial court fully complied with R.C. 2929.14(C)(4). The trial court further advised Richardson that he would be subject to five years of postrelease control upon his release from prison and informed Richardson of the consequences of violating the conditions of his postrelease control. It is from this judgment that Richardson now appeals.

Crim.R. 11

{¶19} In the sole potential assignment of error, appointed counsel maintains that it could be argued that because the trial court did not give Richardson the full consequences of his guilty plea as it relates to his federal probation, that Richardson did not enter into his plea knowingly, intelligently, or voluntarily.

{¶20} In a felony case, under Crim.R. 11(C)(2):

[T]he court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶21} A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18, 27.

**{¶22}** For nonconstitutional rights, such as the right to be informed of the maximum possible penalty, "substantial compliance" is sufficient. *Id*. at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶23}** Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979). Further, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart* at 93; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Id*.

**{¶24}** A reviewing court will not vacate a guilty plea if it determines that the trial court substantially complied with Crim.R. 11(C). *State v. Harris*, 8th Dist. Cuyahoga No. 71897, 1997 Ohio App. LEXIS 5539 (Dec. 11, 1997).

**{¶25}** Appointed counsel maintains that it could be argued that the trial court did not fully explain to Richardson the effect of his plea because he did not specifically tell him what the exact consequences of violating his federal probation would be. Informing a defendant of the effect of his or her plea is a nonconstitutional right and, therefore, is subject to review for substantial compliance rather than strict compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11-12.

**{¶26}** Here, the trial court asked Richardson if he was presently on community control sanctions or probation for another case. After Richardson said that he was, defense counsel explained that it was for federal court. The trial court then asked

Richardson if he understood that by entering the plea, it may have some impact on his federal probation.   The trial court explained to Richardson that it had no control over his federal probation, and told Richardson again, "there may be some ramifications to the federal case as a result of entering the plea."   The trial court asked Richardson again if he understood that; Richardson replied that he did.

{¶27} We find that the trial court's advisement was sufficient to adequately inform Richardson that by his entering into the guilty plea, that it could adversely affect his federal probation.   The trial court substantially complied with Crim.R. 11.   Accordingly, we agree with appointed counsel that this argument lacks merit.

{¶28} Further, we have independently examined the record as required by *Anders*, and have found no error prejudicial to Richardson.   We therefore conclude that this appeal is wholly frivolous and grant appointed counsel's motion to withdraw.

{¶29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR