[Cite as *State v. Otterbacher*, 2015-Ohio-4680.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102644

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ASHLEY A. OTTERBACHER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584369-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 West St. Clair, Suite 212
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     Marcus A. Henry
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Ashley Otterbacher ("Otterbacher"), challenges the validity of her no contest plea to endangering children, raising the following assignment of error for review:

> 1. Appellant did not enter her plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform her of the maximum penalties as required by Crim.R. 11(C)(2)(a).

{¶2} After careful review of the record and relevant case law, we affirm Otterbacher's conviction.

## I. Procedural History

{¶3} In January 2015, Otterbacher withdrew her former plea of not guilty and entered a plea of no contest to endangering children in violation of R.C. 2919.22(A), as charged in a one-count indictment. At the plea hearing, the trial court learned that Otterbacher was on community control for unrelated offenses in the Cleveland Municipal Court. Following a Crim.R. 11 colloquy, the trial court accepted Otterbacher's plea and found her guilty. In February 2015, the trial court sentenced Otterbacher to 180 days in jail, suspended 120 days, and credited Otterbacher with 60 days of time served. The court also placed Otterbacher on community control for a period of two years.

{¶4} Otterbacher now appeals from her no contest plea.

## II. Law and Analysis

### A. Crim.R. 11

{¶5} In her sole assignment of error, Otterbacher argues her no contest plea was invalid because the trial court failed to properly inform her of the maximum penalties as required by Crim.R. 11(C)(2)(a).

**{¶6}** Crim.R. 11 requires a court to satisfy several requirements before accepting a guilty or no contest plea in a criminal case. Relevant to the present case, Crim.R. 11(C)(2)(a) states:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶7}** In determining whether the trial court has satisfied its duties in accepting a plea under Crim.R. 11, reviewing courts distinguish between constitutional and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 474, ¶ 14-21. The trial court must strictly comply with the requirements of Crim.R. 11(C) relating to the waiver of constitutional rights. *Id*. at ¶ 18.

**{¶8}** As to the nonconstitutional aspects of Crim.R. 11(C), the trial court must "substantially comply" with the rule's requirements. *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶9}** The right to be informed at the plea hearing of the maximum possible penalty that could be imposed upon conviction is a nonconstitutional right. *State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 13, citing *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). Accordingly, the trial court's actions are reviewed for substantial compliance.

{¶10} In this case, Otterbacher argues the trial court failed to advise her of the maximum penalties she faced as a result of violating the terms of community control in her municipal court case. Otterbacher specifically contends that the "trial court at no time advised [her] that the other court could sentence [her] to incarceration as a result of her plea and conviction."

{¶11} Contrary to Otterbacher's position, however, this court has previously held that the term "'maximum penalty' refers to the *charge to which the defendant is pleading guilty or no contest*." (Emphasis added.) *State v. Cummings*, 8th Dist. Cuyahoga No. 89093, 2007-Ohio-6305, ¶ 7, citing *State v. Flint*, 36 Ohio App.3d 4, 520 N.E.2d 580 (8th Dist.1986); *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988). Thus, under Crim.R. 11(C)(2)(a), a trial court is only required to inform a defendant of the maximum penalty associated with the charge to which he or she is entering a plea of guilty or no contest. *See Cummings* at ¶ 9 ("a trial court is not required to inform a defendant who is currently on parole of both the maximum sentence for the charge to which he is pleading guilty or no contest and a potential sentence for a parole violation.")

{¶12} Applying the foregoing to the case sub judice, the trial court's obligation to inform Otterbacher of the "maximum penalty" refers to the child endangering count to which Otterbacher pleaded no contest. With respect to that count, the record reflects that the trial court complied with its obligations under Crim.R. 11(C)(2)(a). Specifically, the trial court advised Otterbacher that by pleading no contest to a fourth-degree felony, it was entitled to place her on community control for up to five years and order her to serve up to 180 days in the county jail as part of her community control sanctions. The trial court further advised Otterbacher that, in its discretion, it was entitled to impose a prison term of six to eighteen months, up to three years of postrelease control following completion of the sentence, and a fine of $5,000.

{¶13} Although we reiterate that the trial court was only required to address the maximum penalties associated with the endangering children count, we note that the trial court appropriately considered all relevant factors, including Otterbacher's pending community control sanctions, when ensuring that Otterbacher understood the ramifications of her no contest plea:

COURT: Are you on Community Control Sanctions, usually known as probation, in any other case?

DEFENDANT: Yes.

COURT: Is that case before me or another judge?

DEFENDANT: Another judge.

COURT: Is that municipal court or county court?

DEFENDANT: Municipal.

COURT: Okay. By entering a plea today, that may be a violation in that court. That could be up to that judge to decide if he or she's going to do anything; I don't have any control over that. Do you understand that?

DEFENDANT: Yeah.

COURT: Are you willing to go forward on that basis?

DEFENDANT: Yes.

{¶14} Under these circumstances, we find that the trial court's advisement was sufficient to adequately inform Otterbacher that her no contest plea in this case could adversely impact her community control in the municipal court. *See State v. Richardson*, 8th Dist. Cuyahoga No. 100838, 2014-Ohio-2984.

{¶15} Based on the foregoing, we conclude that Otterbacher's no contest plea was knowingly, intelligently, and voluntarily made.

{¶16} Otterbacher's sole assignment of error is overruled.

### III. Conclusion

**{¶17}** The trial court complied with Crim.R. 11 when it properly explained the maximum penalty involved for the charge presently before the court.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR