[Cite as *State v. Randle*, 2016-Ohio-3059.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103264**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARION RANDLE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591024-A

**BEFORE:** Keough, P.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 19, 2016

**ATTORNEYS FOR APPELLANT**

Robert L.   Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Patrick J. Lavelle
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Marion Randle ("Randle"), appeals from the trial court's judgment finding him guilty of drug trafficking and sentencing him to three years in prison.   We affirm.

## I.   Background

{¶2} In November 2014, the Cuyahoga County Grand Jury indicted Randle on three counts.   Count 1 charged drug possession in violation of R.C. 2925.11(A); Count 2 charged drug trafficking in violation of R.C. 2925.03(A)(2); and Count 3 charged possessing criminal tools in violation of R.C. 2923.24(A).

{¶3} Randle subsequently pleaded guilty to amended Count 2, trafficking in heroin in an amount equal to or exceeding ten grams but less than fifty grams, in violation of R.C. 2925.03(A)(2), a second-degree felony, with a forfeiture specification.

{¶4} During the trial court's plea colloquy with Randle, upon questioning, Randle told the judge that he was not on community control sanctions in any other case. The judge verified that Randle understood what constitutional rights he was waiving by pleading guilty.   The judge then reviewed the nature of the charge with Randle, and informed him that by pleading guilty, he would be subject to a mandatory prison term of two to eight years, a mandatory fine, and forfeiture of three cell phones and $638.   The prosecutor informed the judge that at sentencing, the state would be seeking more than the minimum two-year prison term.

**{¶5}** At the subsequent sentencing hearing, the court advised that it had reviewed Randle's presentence investigation report, a TASC assessment regarding Randle's substance abuse issues, the defense sentencing memorandum, and a status report from Randle's probation officer. The court acknowledged that as a result of his guilty plea in this case, Randle had violated community control conditions in two other cases, CR-12-567167 and CR-12-564291, which Randle had not told the court about when he pleaded guilty to the trafficking offense.

**{¶6}** The court then heard from the prosecutor, defense counsel, Randle's probation officer, and Randle. Defense counsel acknowledged that Randle had a criminal history and had previously been to prison. Counsel asserted that Randle had completed his community control sanctions without incident, but acknowledged that the incident leading to the charges in this case occurred a month prior to the expiration of the two-year probation sanctions that were imposed in the other two cases. The trial court then reviewed Randle's criminal history, noting that this was his ninth felony offense. The court also noted that Randle had been released from prison in 2009 and charged with the other two cases, both of which were drug related, relatively soon after his release. The court further noted that Randle, who admitted at the plea hearing that he was selling drugs to support his habit, had deceived his probation officer because although he always tested negative on his drug tests, he was still using drugs.

**{¶7}** The trial court then sentenced Randle to a total of three years incarceration: three years for the drug trafficking offense in this case, concurrent with three years for the

community control sanctions violation in CR-12-567167, and 18 months for the violation in CR-12-564291. The court terminated community control sanctions in case Nos. CR-12-567167 and CR-12-564291, and imposed a $15,000 fine, as well as mandatory three years postrelease control and a six-months driver's license suspension upon Randle's release from prison.

{¶8} The court noted that in imposing the sentence, it had considered the purposes and principles of sentencing, as well as the likelihood of Randle's recidivism, and the fact that Randle was on probation in two other cases when he committed this offense.

{¶9} Randle now appeals from the sentence, arguing that his guilty plea in this case was not made knowingly, voluntarily, and intelligently because he was not aware that his guilty plea carried potential consequences regarding the two cases for which he was on community control sanctions. In short, Randle contends that the trial court did not fully explain to him the effect of his plea.

{¶10} Under Crim.R. 11(C)(2), in a felony case, a trial court shall not accept a guilty plea without first addressing the defendant personally and (1) determining that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, (2) informing the defendant of and determining that the defendant understands the effect of the guilty plea and that the court, upon accepting the plea, may proceed with judgment and sentence, and (3) informing the defendant and determining that the defendant understands that by the plea, the defendant

is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself.

{¶11} A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. For nonconstitutional rights, such as the right to be informed of the effect of the plea, we review for substantial compliance with the rule. *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). Substantial compliance means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is waiving. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶12} The record reflects that at the plea hearing, the trial court explained to Randle that as amended, the Count 2 trafficking charge was a second-degree felony with a forfeiture specification. The court also carefully explained the possible penalties to Randle: a mandatory two to eight years in prison, a six months to five years mandatory driver's license suspension, a mandatory fine, and forfeiture of three cell phones and $638. The court also explained that upon release from prison, Randle would be subject to three years of mandatory postrelease control; it also explained the possible

consequences for violating postrelease control.  Randle informed the court that he understood and had no questions about his rights, the nature of the charge to which he was pleading guilty, or any of the possible penalties involved in his guilty plea to amended Count 2.  Thus, the record reflects that the trial court explained and Randle understood the effect of his plea regarding the trafficking charge in amended Count 2.

{¶13} Nevertheless, the record reflects that the trial court did not advise Randle of the effect of his plea on the two cases for which he was on community control sanctions. We presume this is because Randle specifically advised the court at the plea hearing that he was not on community control sanctions on any other case.   The court apparently only learned after the plea hearing that Randle was on community control sanctions in Case Nos. CR-12-567167 and CR-12-564291.[1]

{¶14} Informing a defendant of the effect of his plea is a nonconstitutional right and, therefore, subject to review for substantial compliance.  *State v. Richardson*, 8th Dist. Cuyahoga No. 100838, 2014-Ohio-2984, ¶ 25, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11.   A defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue.  *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 18.   "'[E]ven if the [trial] court failed to substantially comply with explaining the effect of his plea,' the defendant still has to

---

[1]In light of Randle's deceptiveness regarding his drug testing, we are not persuaded by his assertion on appeal that at the time of his plea, he did not know he was on community control sanctions in the other two cases.

prove that he was prejudiced by the court's failure." *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 15, quoting *State v. Simonoski*, 8th Dist. Cuyahoga No. 98496, 2013-Ohio-1031, ¶ 11. The test for prejudice is whether the plea would have otherwise been made. *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 12, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32.

**{¶15}** We find that the trial court substantially complied with its obligation to inform Randle of the effect of his plea. This court and others have noted that "neither Crim.R. 11 nor Ohio law generally require a court to explain every potential consequence of a guilty plea before accepting the defendant's guilty plea." *State v. Hoffman*, 8th Dist. Cuyahoga No. 53749, 1998 Ohio App. LEXIS 4382, *2 (Nov. 3, 1988); *State v. Bryant*, 8th Dist. Cuyahoga No. 36778, 1978 Ohio App. LEXIS 9448, *2 (Jan. 12, 1978); *State v. Dixon*, 5th Dist. Stark No. 2008CA00254, 2009-Ohio-3137, ¶ 20; *State v. Lane*, 2d Dist. Greene No. 2001-CA-92, 2002 Ohio App. LEXIS 1912, *4 (Apr. 19, 2002). More specifically, Crim.R. 11 does not require the trial court to advise a defendant of the consequences a guilty plea has on prior felony convictions. *Dixon* at ¶ 20.

**{¶16}** Accordingly, the trial court was under no obligation to advise Randle of the consequences his guilty plea would have on his community control. The court's explanation to Randle that he would be subject to a mandatory prison term of two to eight years, a mandatory fine, and forfeiture of three cell phones and $638, and Randle's

acknowledgment that he understood the penalties involved in his guilty plea, was full compliance with the trial court's duty to inform Randle of the effect of his guilty plea.

{¶17} Moreover, even if we were to find that the trial court should have informed Randle of the consequences of his plea upon his community control in the two other cases (which we do not), Randle does not argue that he would not have pleaded guilty to drug trafficking, as amended in Count 2, had the court advised him that his guilty plea carried consequences (i.e., a prison sentence) with respect to those two cases. Furthermore, he cannot demonstrate that he was, in fact, prejudiced by the trial court's failure to so advise him because the court ran the three-year sentence in this case concurrent with the prison sentences on the other two cases.

{¶18} Accordingly, because the record reflects that the trial court fully complied with Crim.R. 11, and Randle's guilty plea was made knowingly, voluntarily, and intelligently, the assignment of error is overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR