[Cite as *State v. Lucas*, 2024-Ohio-4496.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                           :

    Plaintiff-Appellee,                          :

                                       No. 113861

    v.                                                   :

FRANK LUCAS, SR.,                                       :

    Defendant-Appellant.                         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED; REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 12, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683686-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Margaret Graham, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of Schlachet and Levy and Eric M. Levy, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Defendant-appellant Frank Lucas, Sr. ("Lucas"), appeals from his conviction and sentence for felonious assault following a guilty plea. Pursuant to Loc.App.R. 16(B), the State of Ohio concedes this error. After a thorough review of

the record and law, this court reverses and vacates Lucas's guilty plea and sentence and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} On August 15, 2023, a Cuyahoga County Grand Jury indicted Lucas on Count 1, attempted murder in violation of R.C. 2923.02 and 2903.02(A); Count 2, felonious assault in violation of R.C. 2903.11(A)(1); Count 3, felonious assault in violation of R.C. 2903.11(A)(2); Count 4, violating a protection order in violation of R.C. 2919.27(A)(2); and Count 5, violating a protection order in violation of R.C. 2919.27(A)(1). The attempted murder and felonious assault counts each contained three repeat violent offender specifications pursuant to R.C. 2941.149(A) and three notice of prior conviction specifications pursuant to R.C. 2929.13(F)(6). Both counts of violating a protection order contained furthermore clauses. These charges arose from a July 2023 incident in which Lucas stabbed the victim in her back, neck, and forearm, causing significant and lasting injuries.

{¶ 3} On March 4, 2024, the court held a group plea hearing for Lucas and two unrelated defendants. The assistant prosecuting attorney placed the terms of Lucas's plea agreement on the record as follows:

> The State would move to dismiss count 1 in its entirety. He will plea to count 2 as charged in the indictment, felonious assault, a felony of the second degree in violation of Revised Code Section 2923.11(A)(1)(a). That has with it two repeat violent offender specifications under Revised Code Section 2941.149(A) and two notice of prior conviction specifications under 2929.13(F)(6).
>
> They would merge for — the two NPCs would merge for the purpose of the sentences as would the two RVOs.

The state would move to dismiss counts 3, 4, and 5 in their entirety.

(Tr. 21.) Lucas's counsel confirmed that this was his understanding of the plea agreement.

{¶ 4} During the Crim.R. 11 plea colloquy, the court outlined the potential penalties for Lucas as follows:

> Mr. Lucas, I believe it is your intention to plead guilty to the amended — no, I'm sorry. To count 2. There is [sic] no amendments there. That is a felony of the second degree in violation of R.C. 2923.11(A). That carries a possible penalty from two to eight years in prison and a fine of up to $15,000.
>
> Pursuant to Reagan Tokes, there is an additional possible term of up to four years that could be placed upon you if when you get to the prison you violate some of their rules and they then can hold you after a hearing of up to an additional four years. So instead of your term being two to eight, it is — it could be as much as two to 12 years.

(Tr. 34.)

{¶ 5} The trial court accepted Lucas's guilty plea to Count 2, felonious assault, and Counts 1, 3, 4, and 5 were nolled. No additional reference to any specifications or their corresponding potential penalties was made at the plea hearing. The corresponding journal entry stated that Lucas pleaded guilty to Count 2, with three attendant notice of prior conviction specifications and three attendant repeat violent offender specifications, as charged in the indictment.

{¶ 6} The court held a sentencing hearing on April 1, 2024. The court outlined Lucas's prior guilty plea as follows:

> Previously on March 4th of 2024, the defendant pled guilty to Count 2, felonious assault. That is a felony of the second degree, in violation of R.C. 2903.11(A) with notice of prior conviction and repeat violent offender specification.

I'm sorry, two notice of prior convictions and two repeat violent offender specifications attached.

I'm sorry, three notice of prior convictions and three repeat violent offender specifications attached.

(Tr. 41.)

{¶ 7} Ultimately, the court sentenced Lucas to eight years in prison for felonious assault and five years in prison on the repeat violent offender specification, to be served consecutively, for a total of 13 years in prison. Pursuant to the Reagan Tokes Law, Lucas's maximum sentence is 17 years.

{¶ 8} On April 25, 2024, Lucas filed a timely notice of appeal. He presents two assignments of error for our review:

> I. Appellant's plea must be vacated where it was entered in violation of Crim.R. 11 as not being knowingly, intelligently and voluntarily made where he was not advised of the maximum potential penalty which could be imposed and the mandatory nature that a sentence on the repeat violent offender specification would be required to be imposed consecutively.
>
> II. Appellant's sentence is not supported by the record or is otherwise contrary to law and must be vacated.

{¶ 9} On July 26, 2024, in lieu of filing a brief, the State of Ohio filed a notice of conceded error pursuant to Loc.App.R. 16(B).

## II. Legal Analysis

{¶ 10} In his first assignment of error, Lucas argues that his plea was not knowingly, intelligently, and voluntarily entered where the trial court failed to advise him of the maximum potential penalty he faced. Specifically, Lucas argues that the trial court did not advise him of any additional prison sentence that could be

imposed on the repeat violent offender specification, nor was he advised that any additional prison sentence was required to run consecutively to the underlying prison sentence. The State concedes this error. After a thorough review of the record, we agree.

{¶ 11} A defendant's decision to enter a plea must be knowing, intelligent, and voluntary because a guilty plea involves a waiver of constitutional rights. *State v. Dangler*, 2020-Ohio-2765, ¶ 10, citing *Parker v. Raley*, 506 U.S. 20, 28-29 (1992); *State v. Clark*, 2008-Ohio-3748, ¶ 25. Enforcement of the plea is unconstitutional where the plea was not made knowingly, intelligently, and voluntarily. *Id.*

{¶ 12} Crim.R. 11(C) sets forth certain constitutional and procedural requirements, which a trial court must comply with prior to accepting a guilty plea. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty. . ., and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a

trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 13} The Ohio Supreme Court has summarized appellate review of compliance with Crim.R. 11(C) as follows:

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler* at ¶ 17.

{¶ 14} Lucas pleaded guilty to repeat violent offender specifications pursuant to R.C. 2941.149(A). Sentences imposed for repeat violent offender specifications can be either discretionary, governed by R.C. 2929.14(B)(2)(a), or mandatory, governed by R.C. 2929.14(B)(2)(b). Because the criteria in R.C. 2929.14(B)(2)(b)(i) through (iii) apply, the sentence was mandatory and the trial court was required to sentence Lucas on the repeat violent offender specification. Further, pursuant to R.C. 2929.14(B)(2)(d), any sentence imposed on a repeat violent offender specification is required to be served consecutively to the underlying prison sentence.

{¶ 15} Because the court failed to advise Lucas of the maximum potential penalty he faced as a result of his plea agreement, the court did not comply with Crim.R. 11(C)(2)(a). *State v. Hindman*, 2023-Ohio-1974 (8th Dist.). Pursuant to the Ohio Supreme Court's decision in *Dangler*, a "'trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy

constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea.'" *State v. Rogers*, 2020-Ohio-4102, ¶ 19 (12th Dist.), quoting *State v. Fabian*, 2020-Ohio-3926, ¶ 20 (12th Dist.).

{¶ 16} Because Lucas's plea was not knowingly, intelligently, and voluntarily made, we sustain Lucas's first assignment of error and, reverse his conviction and sentence, and vacate his plea.

{¶ 17} Because Lucas's first assignment of error is dispositive of the appeal, we decline to address his second assignment of error challenging his sentence because it is moot. Loc.App.R. 16(A). For the foregoing reasons, we vacate Lucas's plea, reverse his conviction and sentence, and remand this matter to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR