[Cite as *State v. Davis*, 2025-Ohio-1188.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                  :

                                  No. 114114

    v.                                       :

ISAIAH DAVIS,                                     :

    Defendant-Appellant.                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 3, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688216-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carla B. Neuhauser, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Isaiah Davis ("Davis") appeals his convictions as a result of his guilty plea. For the reasons that follow, we affirm Davis' convictions but remand to the trial court for the sole purpose of issuing a nunc pro tunc order to

remove the language that enhanced the failure-to-comply offense to a felony of the third degree.

**Procedural and Factual History**

{¶ 2} On January 22, 2024, Davis was indicted in Cuyahoga C.P. No. CR-24-688216-A for failure to comply with the order or signal of a police officer as a felony of the third degree (Count 1) under former R.C. 2921.331(B); receiving stolen property, a felony of the fourth degree (Count 2); and obstructing official business, a felony of the fifth degree (Count 3). In a separate case, Davis had previously entered a plea to one count of attempted having weapons while under a disability, and, as a result, was sentenced to a period of community-control sanctions that included an initial period of home detention for 60 days followed by one- and one-half years of supervision.

{¶ 3} In Case No. CR 24-688216-A, Davis entered into a negotiated plea deal in which he pleaded guilty to Count 1, amended to failure to comply as a felony of the fourth degree; Count 2, amended with the addition of the attempt statute, a felony of the fifth degree; and Count 3, amended with the addition of the attempt statute, a misdemeanor of the first degree. Count 1 was amended by adding the language that the offender was fleeing after the commission of a felony; however, the language that the offender had caused a substantial risk of serious physical harm to persons or property was not removed.

{¶ 4} At the plea hearing, the trial court reviewed with Davis the maximum penalties on all of the counts in this case, including the fact that any prison sentence

on Count 1 was required by law to be consecutive to any other prison term. The trial court also advised Davis that his conviction would result in violation of his community control and could result in the imposition of the "consequences" of that case.

{¶ 5} The trial court sentenced Davis to 18 months on Count 1, 12 months on Count 2, and 180 days on Count 3. The court ran Counts 1 and 2 consecutively, as required by law. Additionally, the trial court found Davis in violation of his community control, imposed an 18-month sentence, and ran it consecutively to the other counts. Davis' aggregate sentence was four years in prison.

{¶ 6} Davis appeals and raises the following assignment of error for our review:

### Assignment of Error

The trial court did not substantially comply with the requirements of Crim.R. 11(C)(2)[;] therefore [Davis'] plea was not offered knowingly, intelligently, and voluntarily.

{¶ 7} Our review for the trial court's compliance with the requirements of Crim.R. 11(C) is de novo. *State v. Vitumukiza*, 2022-Ohio-1170, ¶ 8 (8th Dist.). In doing so, this court must consider the totality of the circumstances to determine whether the trial court complied with Crim.R. 11(C). *State v. Harris*, 2020-Ohio-805, ¶ 14 (8th Dist.).

{¶ 8} Davis argues that his guilty pleas were not knowingly, voluntarily, and intelligently entered because the trial court failed to inform him of the maximum sentence that the court could impose based on his pleas.

{¶ 9} An accused's decision to enter a guilty plea must be knowing, intelligent, and voluntary because such a plea involves a waiver of constitutional rights. *State v. Lucas*, 2024-Ohio-4496, ¶ 11 (8th Dist.) citing *State v. Dangler*, 2020-Ohio-2765, ¶ 10. Upholding a plea that was less than knowingly, intelligently, and voluntarily made is unconstitutional. *Id.,* citing *Dangler* at *id.*

{¶ 10} Crim.R. 11(C) outlines the constitutional and procedural requirements that a trial court must follow in accepting a guilty plea in a felony case. Crim.R. 11(C)(2) requires the trial court to address the defendant personally and ascertain the following before accepting a guilty plea:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} When a criminal defendant challenges his plea based on the Crim.R. 11 colloquy, the questions this court must answer are

(1) has the trial court complied with the relevant provision of the rule?

(2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and

(3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler*, 2020-Ohio-2765, ¶ 17. Generally, a defendant seeking to have his conviction reversed on appeal "must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. A defendant is not required to establish prejudice when a trial court fails to explain the constitutional rights a defendant waives by entering a plea of guilty or no contest as delineated in Crim.R. 11(C)(2)(c) or if the trial court completely fails to comply with the nonconstitutional advisements under Crim.R. 11(C)(2)(a) and (b). *Id*. at ¶ 14-15. However, if the "trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate the plea." *Id*. at ¶ 14, citing *State v. Veney*, 2008-Ohio-5200, at ¶ 17.

{¶ 12} Here, Davis challenges the requirement under Crim.R. 11(C)(2)(a) that requires the court to ensure he is voluntarily making his plea with an understanding of the maximum penalty involved. Specifically, Davis argues that the trial court erred when it did not inform him of the maximum penalty he could incur as a community-control violator. However, Davis' argument is unsupported by Eighth District caselaw.

{¶ 13} This court has consistently held that "maximum penalty" refers to the charges for which the defendant is entering a plea of guilty or no contest. *See State*

*v. Otterbacher*, 2015-Ohio-4680, ¶ 11 (8th Dist.); *State v. Cummings*, 2007-Ohio-6305, ¶ 7 (8th Dist.).  Thus, the trial court was only required to inform Davis of the maximum penalty associated with the charges to which he was entering guilty pleas to comply with Crim.R. 11(C)(2)(a); the trial court was not required to inform Davis that his guilty plea would trigger a potential consecutive sentence on his community-control violation.  Additionally, Davis' reliance on *State v. Bishop*, 2018-Ohio-5132, is misplaced.  *State v. Nelson*, 2020-Ohio-6993, ¶ 47-51 (8th Dist.)  (Consecutive sentence advisements required in *Bishop* apply to postrelease control and not community-control sanctions.).

{¶ 14} Our review of the record reveals that the trial court advised Davis of the maximum penalties of the charges associated with his guilty pleas.  The trial court informed Davis that by pleading guilty, he would violate his community control, and the court could impose the consequences of that offense at sentencing.  The trial court did not have an obligation to inform Davis of the maximum penalty under his previous case to comply with Crim.R. 11(C)(2)(a).

{¶ 15} Davis concedes in his brief that the trial court fully complied with Crim.R. 11(C) with respect to all of his charges except the community-control violation.  Accordingly, Davis' assignment of error is overruled.

{¶ 16} However, in reviewing the trial court's plea and sentencing entry, we note with respect to Count 1, the trial court's journal entry did not accurately reflect the plea agreement of the parties.  The original indictment charged Davis with

failure to comply under former R.C. 2921.331(B)[1] and alleged the enhancement found in former R.C. 2921.331(C)(5)(a)(ii)[2] to increase the offense to a third-degree felony. The parties agreed to amend the charge to a felony of the fourth degree under former R.C. 2921.331(C)(4).[3] The trial court's entry merely adds the language of former R.C. 2921.331(C)(4) without removing the enhancement language of former R.C. 2921.331(C)(5)(a)(ii), creating an offense that does not exist in that version of the statute. Accordingly, we remand the case to the trial court to correct the error with nunc pro tunc entries to correctly reflect the plea.

{¶ 17} Judgment affirmed and remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[1] "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

[2] "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt . . . [t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

[3] "Except as provided in division (C)(5) of this section, a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds by proof beyond a reasonable doubt that, in committing the offense, the offender was fleeing immediately after the commission of a felony."

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR