JOURNAL ENTRY and OPINION
{¶ 1} Appellant, the State of Ohio, appeals the trial court's decision granting appellee George West's motion to suppress. The State assigns the following error for our review:
"I. The trial court erred in granting defendant's motion tosuppress because the crack cocaine seized in the warrantlesssearch fell within the well recognized plain view exception."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted West on one count each of possession of drugs, drug trafficking with a juvenile specification, and possession of criminal tools.
 {¶ 4} West filed a motion to suppress the evidence. At the hearing, the evidence revealed that on April 26, 2004, Officer Hardy responded to a domestic violence call at an apartment building located at 1247 East 89th Street. While in the hallway of the building, he noticed an extension cord coming from under the door of an apartment located adjacent to the domestic violence victim's apartment. The cord was plugged into an outlet in the common hallway.
 {¶ 5} Officer Hardy testified that, based on his experience, he believed either someone was stealing electricity from the apartment complex, or unlawfully staying at the apartment. Therefore, Officer Hardy unplugged the cord. A male immediately opened the door to determine why the electricity was turned off. Upon seeing the officers, the person looked startled. When the male first opened the door, Officer Hardy observed a man, later identified as West, run to the back of the apartment.
 {¶ 6} Officer Hardy conversed with the person that opened the door regarding his right to be in the apartment and the use of the electricity in the hallway. At some point, West pushed the male away from the door and told the officer that he lived there with several others and that he had his uncle's permission to use the electricity. Apparently, West's uncle was the apartment manager. West opened the door a little wider and the officer could see several other men laying on a mattress on the floor. The only furnishings the Officer could observe in the apartment were the mattresses on the floor and a big screen television, which was next to the door's entrance.
 {¶ 7} According to Officer Hardy, Officers Wheeler and Adam arrived on the scene while he was conversing with West. Officer Wheeler did not testify at the suppression hearing. However, Officer Hardy testified that while standing behind him, Officer Wheeler noticed a plastic bag of crack cocaine on the top of the large television. Officer Hardy admitted that he could not see the crack cocaine from his vantage point. The officers then proceeded into the apartment and ordered the men up against the wall.
 {¶ 8} Officer Adam checked the rest of the apartment for other inhabitants. He opened a closet located in the bedroom and discovered an opened duffle bag with cocaine in plain view.
 {¶ 9} The trial court granted the motion to suppress and found the "State failed to prove the necessity of the warrantless search or that it met any of the exceptions to the requirement of a warrant."[1]
 Motion to Suppress {¶ 10} The State argues the trial court erred by granting West's motion to suppress because the drugs were in plain view, providing the officers with probable cause to enter the premises. We disagree.
 {¶ 11} When reviewing a trial court's grant of a motion to suppress, an appellate court is to (1) give deference to the trial court's findings of fact, so long as they are supported by competent, credible evidence and then (2) determine independently whether the trial court correctly applied the law to those facts.[2] The trial court in the instant case, failed to provide findings of fact. However, because the record in the instant case allows us to review the court's judgment in spite of the lack of findings of fact, the defect is not detrimental to our review.[3]
 {¶ 12} The only factual issue of contention is whether Officer Wheeler could have seen the drugs from his vantage point from outside the doorway. However, even if we assume for sake of argument that Officer Wheeler could have seen the drugs from outside the door, this alone would not have allowed the officers to enter the apartment without a warrant.
 {¶ 13} The Fourth Amendment to the United States Constitution protects the "right of people to be secure in their persons, houses papers, and effects, against unreasonable searches and seizures." Warrantless searches are per se unreasonable under theFourth Amendment-subject only to a few specially established and well-delineated exceptions.[4] The State relies on the plain-view exception.
 {¶ 14} The warrantless search by a law enforcement officer of an object in plain view does not violate the Fourth Amendment if: (1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed; (2) the officer has a lawful right of access to the object; and (3) the incriminating nature of the object is immediately apparent.[5]
 {¶ 15} The pivotal controversy before us is within the second criterion of the plain view doctrine. The authorities must have lawful access to the contraband in plain view. In Horton v.California,[6] the Supreme Court stressed that an officer's discovery of an object in plain view does not exempt the officer from complying with the Fourth Amendment. The officer must have a "lawful right of access" to the discovered object.[7]
 {¶ 16} In the instant case, when the contraband was allegedly observed by Officer Wheeler, the officers were standing outside the apartment door. West had not consented to the officers entering the premises. Although the officer's alleged ability to see the contraband provided probable cause, it did not establish an exception to obtaining a warrant to enter the apartment in order to seize the evidence. The Horton Court noted that no amount of probable cause can justify a warrantless search or seizure absent "exigent circumstances."[8] The Court explained:
"Incontrovertible testimony of the senses that anincriminating object is on premises belonging to a criminalsuspect may establish the fullest possible measure of probablecause. But even where the object is contraband, this Court hasrepeatedly stated and enforced the basic rule that the police maynot enter and make a warrantless seizure. Taylor v.United States, 286 U.S. 1 [, 52 S.Ct. 466, 76 L.Ed. 951 (1932)];Johnson v. United States, 333 U.S. 10 [68 S.Ct. 367,92 L.Ed. 436 (1948)]; McDonald v. United States, 335 U.S. 451 [,69 S.Ct. 191, 93 L.Ed. 153 (1948)]; Chapman v. United States,365 U.S. 610 [, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961)]; * * * Wehave since applied the same rule to the arrest of a person in hishome. See Minnesota v. Olson, 495 U.S. 91 [, 110 S.Ct. 1684,109 L.Ed.2d 85] (1990); Payton v. New York, 445 U.S. 573 [,100 S.Ct. 1371, 63 L.Ed.2d 639] (1980)."[9]
 {¶ 17} In the instant case, evidence of exigent circumstances was not presented. The officers were merely investigating the illegal use of electricity, not drug trafficking. Therefore, the occupants were not alerted to the fact the officers were aware of drugs in the apartment, which arguably would have caused the residents to attempt to dispose of the contraband while the officers were obtaining a search warrant.
 {¶ 18} In United States v. Radka,[10] the Sixth Circuit Court of Appeals set forth a two-prong test for determining the validity of a warrantless entry based upon the exigency of the imminent destruction of evidence:
"A warrantless entry to prevent the loss or destruction ofevidence is justified, if the government demonstrates:
 (1) a reasonable belief that third parties are inside thedwelling; and (2) a reasonable belief that the loss ordestruction of evidence is imminent. The mere possibility of lossor destruction of evidence is insufficient justification.Affirmative proof of the likelihood of the destruction ofevidence, along with the necessity for warrantless entry arerequired."[11]
 {¶ 19} Here, there was no evidence presented that the contraband was in danger of imminent destruction if the officers did not seize it immediately. As we stated, there was no indication the occupants were aware that the officers knew of the drugs. Therefore, there was no basis justifying the officers entering the apartment without first obtaining a warrant. We conclude the trial court did not err by granting the motion to suppress based on the State's failure to prove an exception to the prohibition against warrantless searches. Accordingly, the State's sole assigned error is overruled.
Judgment is affirmed.
Keneth A. Rocco, P.J., concurs.
 Michael J. Corrigan, J., Dissents. (See Attached DissentingOpinion.)
[1] Journal entry, November 1, 2005.
[2] State v. Curry (1994), 95 Ohio App.3d 93, 96.
[3] State v. Brown (1992), 64 Ohio St.3d 476; State v.Almalik (1986), 31 Ohio App.3d 33.
[4] State v. Welch (1985), 18 Ohio St.3d 88, 91, citing Katzv. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507,19 L.Ed. 2d 576.
[5] Horton v. California (1990), 496 U.S. 128, 136-137,110 S.Ct. 2301, 2308, 110 L.Ed.2d 112, 114.
[6] Id.
[7] Id. at 137.
[8] Id. at 137.
[9] Id. See, also, California v. Ciroala (1986),476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210.
[10] (C.A. 6, 1990), 904 F.2d 357, 361.
[11] Id. at 362.