JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant DeMario Conley appeals from his convictions based on no contest pleas to charges of possession and trafficking of crack cocaine and marijuana, possession of criminal tools and having a weapon while under disability. He urges that the common pleas court erred by overruling his motions to suppress. We find no error in the court's rulings and affirm its decisions.
 Procedural History {¶ 2} In Case No. 470651, appellant was charged in a five-count indictment filed September 22, 2005 with two counts of drug trafficking with juvenile specifications, two counts of drug possession and one count of possession of criminal tools. Another five-count indictment was filed on October 18, 2005 in Case No. 471730, charging appellant with two counts of drug trafficking and one count of drug possession, all with firearms specifications, as well as having a weapon while under disability and possession of criminal tools. He filed motions to suppress in both cases in November 2005.
 {¶ 3} The court held a hearing on appellant's motions on March 29, 2006, after which the court denied the motions. Appellant then entered a no contest plea to each of the charges and was found guilty. In Case No. 470651, he was sentenced to concurrent terms of twelve months on each of the drug possession charges, three years on each of the drug trafficking charges, and nine months on the charge of possession of criminal tools. In Case No. 471730, he was sentenced to *Page 4 
one year on the merged firearms specifications to run consecutive to concurrent sentences of six months on the charges of possession and trafficking of crack cocaine and one year on the charge of trafficking in marijuana, two years on the charge of having a weapon while under disability and nine months on the charge of possession of criminal tools. The sentences in the two cases were to run concurrent with one another.
 {¶ 4} At the hearing on the motions to suppress, the court first addressed the motion in Case No. 471730. Appellant's counsel advised the court that appellant had been shot at by an unknown male who fled the scene. The resident of another apartment called police. When the police arrived, they entered the apartment from which the shots had been fired and found guns and drugs. The court stated that, assuming the facts as stated by appellant, the police had probable cause to enter the appellant's apartment to ensure the safety of the residents after they received a report that shots had been fired.
 {¶ 5} With respect to Case No. 470651, East Cleveland Police Officer Benjamin Taddesse testified that he was dispatched to check on a 9-1-1 call which originated from appellant's apartment. When he arrived, there were two males and two females sitting on milk crates in front of the building. Officer Taddesse entered the building and began to go upstairs to appellant's apartment. One of the females who had been sitting outside came up the stairs and asked him what he was doing there. She proceeded up the stairs and entered appellant's apartment and tried to *Page 5 
close the door. Officer Taddesse smelled a strong odor of marijuana emanating from the apartment. He told the female that he needed to check on the welfare of the people in the apartment because of the 9-1-1 call. She then opened the door. From the doorway, he observed marijuana, scales and plastic bags on a table. He then entered the apartment and secured this property. He found two males in the apartment who were not responsive to his inquiries. Appellant then came into the living room and declared that "this is my weed."
 {¶ 6} Appellant's sister, Tamara Conley, also testified. She was the female who let Officer Taddesse into the apartment. The court found her testimony was not credible. The court concluded that the officer had a duty to investigate as a result of the 9-1-1 call, to ensure that no one had been injured. Furthermore, once the door was open and he smelled marijuana and saw it on the table, he had probable cause to enter the apartment. Therefore, the court overruled appellant's motion to suppress.
 Law and Analysis {¶ 7} Appellant contends that the court erred by overruling his motions to suppress. When reviewing a trial court's denial of a motion to suppress, an appellate court must give deference to the trial court's findings of fact, so long as they are supported by competent, credible evidence. However, the appellate court must then determine independently whether the trial court correctly applied the law to those facts.State v. Curry (1994), 95 Ohio App.3d 93, 96. *Page 6 
 {¶ 8} With respect to case No. 470651, appellant argues that Officer Taddesse's observation of illegal drugs in the apartment did not give him the right to enter the apartment to seize them. The trial court found that both the 9-1-1 call and the observation of marijuana in plain sight justified the police in entering the apartment. Therefore, we will examine both of these justifications.
 {¶ 9} Exigent circumstances may allow police to enter a private home without a warrant. Thus, a 9-1-1 call may justify the police in entering the premises to ascertain that the residents are safe and assist any injured parties. See Mincey v. Arizona (1978), 437 U.S. 385, 392-93;Michigan v. Tyler (1978), 436 U.S. 499, 509. "And the police may seize any evidence that is in plain view during the course of their legitimate emergency activities." Mincey, 437 U.S. at 393.
 {¶ 10} A warrantless search must be "strictly circumscribed by the exigencies which justify its initiation." Terry v. Ohio,392 U.S., at 25-26. In this case, there is evidence of two exigencies which justified entry onto the premises. First, the 9-1-1 call and Officer Taddesse's own testimony indicates that entry was justified to ascertain that the residents of the apartment were safe. Second, there was evidence that the contraband was in imminent danger of destruction if the police did not seize it immediately. State v. West, Cuyahoga App. No. 87234,2006-Ohio-4267, ¶ 18. At least three occupants — the female and the two males whom Officer Taddesse observed when the door was opened — were aware of the police presence. The odor of marijuana as well as the contraband plainly visible on the *Page 7 
living room table provided an objectively reasonable basis for Officer Taddesse to believe that these occupants knew that he was aware of the drug activity, and that evidence would be destroyed before a warrant could be obtained. Compare United States v. Radka (6th
Cir. 1990), 904 F.2d 357, 362 with United States v. Socey (D.C.App. 1988), 846 F.2d 1439, 1445. Accordingly, Officer Taddesse was justified in entering the premises without a warrant to seize the contraband. We find no error in the trial court's denial of appellant's motion to suppress in Case No. 470651.
 {¶ 11} The trial court denied appellant's motion to suppress in Case No. 471730 without hearing. "Crim.R. 12(E) does not mandate an evidentiary hearing on every motion to suppress. State v. Johnson (Apr. 2, 1992), Cuyahoga App. No. 60402, citing Solon v. Mallion (1983),10 Ohio App.3d 130, 132, 10 Ohio B. 156, 460 N.E.2d 729. A trial court must conduct such a hearing only when the claims in the motion would justify relief and are supported by factual allegations. Id. See, also,State v. Hartley (1988), 51 Ohio App.3d 47, 554 N.E.2d 950." State v.Djuric, Cuyahoga App. No. 87745, 2007-Ohio-413, ¶ 32.
 {¶ 12} In this case, appellant's motion alleged the following facts: "On July 1, 2005 at the Midnight Hour, East Cleveland Police responded to a shots fired call at 1283 E. 125th St.[,] East Cleveland. Upon arrival, they were met by an unidentified female in Apt[.] #1 who reported several males shooting a gun upstairs. There are four apartments upstairs. They went into Apt[.] #3 which they apparently knew of from prior incidents. They detained a Chandra Conley, Tamara and DeMario *Page 8 
Conley. Several weapons and drugs were found in the apartment." At the hearing on the motions to suppress, the court gave appellant an additional opportunity to provide facts supporting the motion. Appellant's counsel informed the court that "we'll have testimony that will indicate that my client, Mr. Conley, was shot at by an unknown mail [sic] who actually fled the scene. And that this information was conveyed to the police, and apparently they decided to go up to search the apartment building where there were four units. And this was without any specific articulable reason to believe that this particular apartment where my client's family lived, that there wasn't any probable cause to think that a felony was being committed, or in the progress at the apartment." Counsel argued that, given that the gunman had fled the scene, the police had no probable cause to enter.
 {¶ 13} We agree with the trial court that the facts as alleged by appellant demonstrated exigent circumstances warranting police entry onto the premises. Although the police may have been told that the assailant fled, the police were objectively justified in checking on the safety of the occupants where the gunfire had occurred and determining that the assailant was gone. See Brigham City v. Stuart (2006), 126 S.Ct. 1943, 1947. Therefore, the court did not err by overruling the motion to suppress in Case No. 471730 without hearing.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
 COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1