[Cite as *State v. Mason*, 2017-Ohio-7065.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104533**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RODERICK J. MASON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AS MODIFIED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-602780-A

**BEFORE:** Laster Mays, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 3, 2017

-i-

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino Mancino & Mancino
75 Public Square Bldg., Suite 1016
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Marc Bullard
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant, Roderick J. Mason ("Mason"), appeals his conviction for drug-related charges. Mason contends that the trial court erred by: (1) denying his motion to suppress without a hearing; (2) failing to inform him of the effect of a no contest plea; (3) misstating the term of postrelease control; and (4) failing to record a pretrial proceeding. We affirm the trial court's decision.

## I.    Facts and Background

**{¶2}**    Mason was indicted on January 29, 2016, for:

Count 1:  Trafficking (Cocaine), R.C. 2925.03(A)(2), felony of the first degree, with one-year firearm specification and forfeiture specifications;

Count 2:  Drug Possession (Cocaine), R.C. 2925.11(A), felony of the first degree, with one-year firearm specification, forfeiture specifications, and major drug offender specification;

Count 3:  Trafficking (Marijuana), R.C. 2925.03(A)(2), felony of the third degree, with one-year firearm specification and forfeiture specifications;

Count 4:  Drug Possession (Marijuana), R.C. 2925.11(A), felony of the third degree, with one-year firearm specification and forfeiture specifications;

Count 5:  Having Weapons While Under Disability, R.C. 2923.13(A)(3), felony of the third degree, with forfeiture specifications;

Count 6:  Possessing Criminal Tools, R.C. 2923.24(A), felony of the fifth degree, with forfeiture specifications.

**{¶3}**   The indictments stemmed from a search warrant issued on January 14, 2016, based on an affidavit reciting a series of controlled drug transactions between Mason and

several confidential informants. Mason drove a 1999 GMC Yukon and a 2005 Infiniti FX45 to the meetings. The scope of the warrant included Mason's residence on Shawnee Avenue in Cleveland, Ohio ("Premises") and the vehicles.

{¶4} Mason entered a plea of not guilty at the arraignment. On March 23, 2016, Mason filed several motions including a motion to suppress charging that the search warrant was based on an insufficient affidavit. The two-page motion listed the factual grounds for the deficiency and properly referenced Crim.R. 12(C)(3), but was not filed with a supporting brief of legal authorities.

{¶5} On April 22, 2016, the state filed a motion to strike the suppression motion due to the lack of legal citation. *See* Crim.R. 47. The afternoon of April 25, 2016, the court granted the state's motion. Approximately an hour later, Mason filed a document entitled "motion to suppress" in a brief format that lacked the requisite motion pages citing Crim.R. 12(C)(3), but contained the arguments and supporting law ("Motion").

**{¶6}** On April 27, 2016, Mason filed a "supplemental motion to suppress and for the return of illegally seized property (Franks hearing requested),"[1] consisting of a cover motion citing the applicable rules and specifying the activities complained of, a supporting brief, a copy of the state-redacted search warrant affidavit, and Mason's affidavit challenging specific portions of the warrant affidavit ("supplemental motion," the motion and supplemental motion collectively referred to herein as the "Motions").

**{¶7}** On May 3, 2016, the state filed a brief in opposition to the Motions. The parties agreed that a hearing and unrecorded side bar took place on May 4, 2016. The trial court agreed to review the filings and rule on the motion by May 6, 2016. However, Mason argues the trial court agreed to review the filings and to reset the matter for hearing. The state disagrees.

**{¶8}** On May 5, 2016, Mason filed a fourth document entitled "supplemental motion to suppress" that appears to be identical to the Motion. The trial court immediately issued an entry striking the filing:

> The supplemental motion to suppress filed by defendants after the [5/4/16] hearing date and after 5/4/16 wherein the parties agreed to the court ruling on the motion on pleadings, and filed without leave is stricken. Should the defendants wish to supplement the original motion, they must first seek leave to do so. The court grants the defendants until 5/9/16 at noon to file a motion for leave to file a supplemental motion to suppress. *In the event they fail to timely file said motion for leave to supplement, the court will rule on the motion and brief in opp[osition] previously submitted.*

---

[1] *Franks v. Delaware*, 438 U.S. 154, 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) ("a defendant * * * [has] the right, under the Fourth and Fourteenth Amendments, subsequent to the ex parte issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the warrant.")

(Emphasis added.).   *See* judgment entry filed on May 5, 2016.

{¶9}   A copy of the entry was sent to counsel by regular mail on May 6, 2016. On May 10, 2016, the trial court issued entries denying the pending motion without recitation of fact or law, and setting the case for trial on May 16, 2016.   Counsel discovered the trial court's May 6 and May 10, 2016 rulings when checking the online docket.   Mason filed a motion for reconsideration on May 11, 2016, advising the court that: (1) counsel had not received the trial court's rulings, (2) counsel had not waived the suppression hearing, and (3) the facts mandated a hearing.   Mason also filed a motion to continue the trial date.   On May 12, 2016, both motions were denied.

{¶10}   Mason entered a plea of no contest on May 16, 2016.   The court found him guilty and sentenced him as follows:   Count 1 merged with Count 2, and Mason was sentenced on Count 2 to 11 years plus one year for the firearm specification.   Counts 3 and 4 merged, and Mason was sentenced on Count 3, to two years.   Mason received nine months on Count 6 and two years on Count 5, for a total sentence of 16 years (Counts 2, 3, 5, and the firearm specification are consecutive.   Count 6 is served concurrently). Mason's driver's license was suspended for four years and asset forfeiture was ordered. The trial court waived fines and costs, and Mason filed the instant appeal.

## II.     Law and Analysis

{¶11}   Mason poses four assignments of error:

I.      Defendant was denied due process of law when the court overruled his motion to suppress without conducting an evidentiary hearing.

II.     Defendant was denied due process of law when the court failed to inform the defendant of the effect of a plea of no contest.

III.    Defendant was denied due process of law when the court misadvised defendant concerning postrelease control for a felony of the first degree.

IV.     Defendant was denied due process of law when the court failed to record the proceedings on May 4, 2016.

{¶12}   We first acknowledge the propriety of this appeal under the facts of this case.  Crim.R. 12(I) states, a "plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." *See State v. McCormick*, 41 Ohio App.3d 158, 160, 534 N.E.2d 942 (8th Dist.1988).

### A.     Denial of the Motion to Suppress Without a Hearing

{¶13}   We begin with Mason's argument that his due process rights were violated when the trial court denied his motion to suppress without a hearing. Mason's arguments are primarily grounded on *Franks,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, and *Bailey v. United States,* 568 U.S. 186, 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013).

{¶14}   A hearing is not mandatory on a motion to suppress.  Crim.R. 12(F) instructs that a "court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means."

"Crim.R. 12(E) does not mandate an evidentiary hearing on every motion to suppress. *State v. Johnson*, 8th Dist. Cuyahoga No. 60402, 1992 Ohio App. LEXIS 1752 (Apr. 2, 1992), citing *Solon v. Mallion*, 10 Ohio App.3d 130, 132, 460 N.E.2d 729 (1983). A trial court must conduct such a hearing only when the claims in the motion would justify relief and are supported by factual allegations. *Id.* See also *State v. Hartley*, 51 Ohio App.3d 47, 554 N.E.2d 950 (1988)." *State v. Djuric,* 8th Dist. Cuyahoga No. 87745, 2007-Ohio-413, ¶ 32.

*State v. Conley,* 8th Dist. Cuyahoga No. 88495, 2007-Ohio-2920, ¶ 11. We examine the record to determine whether Mason's claims are supported by factual allegations and justify relief. *Id.* Crim.R. 47.

### 1.   *Franks*

**{¶15}** Search warrant affidavits enjoy a presumption of validity. *State v. Sheron*, 8th Dist. Cuyahoga No. 98837, 2013-Ohio-1989, ¶ 29*, citing *State v. Roberts*, 62 Ohio St.2d 170, 178, 405 N.E.2d 247 (1980).

In *Roberts*, the Ohio Supreme Court held that "a challenge to the factual veracity of a warrant affidavit must be supported by an offer of proof which specifically outlines the portions of the affidavit alleged to be false, and the supporting reasons for the defendant's claim." *Id*., citing *Franks*, 438 U.S. 154, 171-172, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). As the United States Supreme Court held in *Franks*, a challenge to the affiant's veracity requires "allegations of deliberate falsehood or of reckless disregard for the truth." *Id*. at 171. Such allegations must be supported by an "offer of proof [that] should include the submission of affidavits or otherwise reliable statements, or their absence should be satisfactorily explained." *Roberts* at 178.

In order to require a trial court to hold a hearing, a defendant must first make a "substantial preliminary showing" that the affiant included a false statement in the affidavit either knowingly and intentionally, or with reckless disregard for the truth. *Id*. at 177; *Franks* at 155. Even if a defendant makes a sufficient preliminary showing, a hearing is not required unless, without the allegedly false statements, the affidavit is unable to support a finding of probable cause. *Id*. at 178; *Franks* at 171-172.

*Sheron* at ¶ 30-31.

{¶16}    *Franks* requires (1) "allegations of deliberate falsehood" or of "a reckless disregard for the truth"; (2) an "offer of proof"; (3) identification of the  false affidavit sections; (4) explanation of the supporting rationale; and (5) sworn statements or an explanation for their absence.  *Franks* at 171.

{¶17}    According to the warrant affidavit, in January 2016,[2] the affiant and another detective followed a "suspicious vehicle" into a parking lot, the vehicle pulled next to a black Infiniti with a license plate registered to Mason, a "known drug dealer." The vehicle followed the Infiniti to another location, trailed discreetly by police. A transaction was observed, and the car occupants were subsequently stopped by the detectives.

{¶18}    The occupants "admitted to buying crack cocaine" from the driver of the Infiniti and provided detectives with Mason's cell phone number.  The occupants subsequently served as informants.  The affidavit describes two controlled buys by the informants during the week of January 4, 2016, conducted at two locations.   Mason was driving the GMC truck during the buys.

{¶19}    Another transaction transpired within 72 hours of the affidavit. Detectives observed Mason drive away in the Infiniti because they were conducting surveillance of the Premises.  They followed Mason and observed a transaction involving another vehicle.  The detectives stopped the driver of that vehicle who handed over

---

[2]   A number of affidavit items are redacted.

cocaine reportedly purchased from Mason. The driver identified Mason's photograph and stated he had conducted a number of transactions with Mason over a period of time.

**{¶20}** The affidavit contains detailed accounts of transactions and the surveillance controls employed. Mason is identified by each of the informants. Mason's vehicles are fully identified and his residency at the Premises confirmed. The search warrant declares the existence of "probable cause to believe" that contraband and related items are concealed in the "Infiniti and GMC vehicles," the garage, the safes, and other areas "within the" Premises.

**{¶21}** Mason avers in a cursory rebuttal affidavit that: (1) he never possessed or used a cell phone with one of the cell numbers recited in the warrant affidavit, (2) cell phone records for a second number did not support the contents of the warrant affidavit, (3) he "challenge[d] the veracity of paragraphs 1, 5, 6 and 8," (4) he denied that a buy was conducted within 72 hours of the warrant affidavit, and (5) he denied the balance of the warrant affidavit.

**{¶22}** Mason provided no evidence or facts supporting his general statements. "The [defendant's] attack must be more than conclusory. * * * Allegations [by defendant] of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 155, 98 S.Ct. 2674, 57 L.Ed.2d 667.

**{¶23}** We find that Mason failed to make a "substantial preliminary showing" of the knowing, intentional or reckless inclusion of a false statement, or establish that,

without the false statements, the warrant affidavit is unable to support a finding of probable cause. *Sheron*, 8th Dist. Cuyahoga No. 98837, 2013-Ohio-1989, ¶ 31, citing *Roberts,* 62 Ohio St.2d at 177, 405 N.E.2d 247, and *Franks* at 155. Thus, Mason was not entitled to a *Franks* hearing, and this portion of the argument fails.

### 2. *Bailey*

**{¶24}** Mason argues here that the Motions recite facts sufficient to invoke a hearing based on *Bailey,* 568 U.S. 186, 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013). "In *Bailey*, the court held that detentions incident to the execution of a search warrant are reasonable at the scene of the search but not at a later time in a remote place under the Fourth Amendment." *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2013-Ohio-1889, ¶ 22, citing *Bailey*.

**{¶25}** Based on information from a confidential informant, detectives were watching Bailey's apartment, planning to execute a search warrant, when Bailey drove off in his car with a friend. *Id*. at 190. The detectives radioed police that they were going to follow and detain Bailey. Bailey was pulled over by the officers and patted down. Both men were handcuffed, and Bailey was informed that he was being detained incident to a search warrant. Bailey was driven by detectives to the apartment, followed by an officer driving Bailey's car, where the search had already revealed guns and drugs in plain view. Bailey's keys, one of which fit the apartment door, were also confiscated. *Id*. at 190.

**{¶26}** The trial court denied Bailey's motion to suppress, holding that his

detention was permissible under *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), "as a detention incident to the execution of a search warrant." *Id.* at 191-192. The court further determined that the "detention was lawful as an investigatory detention supported by reasonable suspicion under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)." *Id.* at 192. The Second Circuit affirmed. *United States v. Bailey*, 652 F.3d 197 (2d Cir.2011).

**{¶27}** On appeal, the Supreme Court explained its recognition in *Summers* that the combined concerns of officer safety, facilitating the completion of a search, and defendant flight prevention "justify the detention of an occupant who is on the premises during the execution of a search warrant." *Id.* at ¶ 194. However, the Court also acknowledged in *Bailey* that Fourth Amendment protections require imposition of a "spatial constraint" on those concerns. *Id.* at 200.

**{¶28}** The Court reversed the *Bailey* suppression ruling:

> [T]he search of a residence — has a spatial dimension, and so a spatial or geographical boundary can be used to determine the area within which both the search and detention incident to that search may occur. Limiting the rule in *Summers* to the area in which an occupant poses a real threat to the safe and efficient execution of a search warrant ensures that the scope of the detention incident to a search is confined to its underlying justification. Once an occupant is beyond the immediate vicinity of the premises to be searched, the search-related law enforcement interests are diminished and the intrusiveness of the detention is more severe.

*Id.*

**{¶29}** Mason contends in the Motions that he was arrested in the city of Euclid and transported to the Premises. "[O]n January 15, 2016 the Defendant was illegally

arrested by members of the Cleveland Police Department while the police executed a Search Warrant on the above premises in direct contravention of *Bailey*." There are no details or descriptions supporting the invocation of *Bailey*, 652 F.3d 197 (2d Cir.2011). Mason's accompanying affidavit does not address the *Bailey* issue at all, or the circumstances of the arrest.

{¶30} The search warrant was issued on January 14, 2016. The scope of the warrant includes the Premises as well as the Infiniti and GMC vehicles. According to the January 16, 2016 Police Case Information Form in this case, Mason was arrested on January 15, 2016, at 11:30 a.m. and "a search warrant was executed at 19015 Shawnee Ave. Roderick Mason was detained leaving the premises." Mason's Motions do not refute this statement.

{¶31} "'If officers elect to defer the detention until the suspect or departing occupant leaves the immediate vicinity, the lawfulness of detention is controlled by other standards * * * [such as] an arrest based on probable cause case.'" *United States v. Hernandez*, S.D. Ohio No. 2:15-cr-97, 2016 U.S. Dist. LEXIS 132290, 15-16 (Sep. 27, 2016), quoting *Bailey* at 202. In the instant case, the search warrant includes the Premises as well as Mason's vehicles. "In *Bailey*, the police merely followed a former occupant of the premises they planned to search. Here, the warrant particularly described Defendant [and the defendant's vehicle] as a specific person [and item] to be searched." *United States v. Perez*, 6th Cir. No. 14-3794, 2015 U.S. App. LEXIS 18614 (Oct. 23, 2015).

**{¶32}** Mason has not established that the "claims in the motion would justify relief and are supported by factual allegations," or the elements essential for the establishment of a claim under *Bailey*, 652 F.3d 197 (2d Cir.2011). *Cruz,* 8th Dist. Cuyahoga No. 88495, 2007-Ohio-2920, at ¶ 11. *See also Perez.* Mason's first assigned error is without merit.

## B.   Crim.R. 11

**{¶33}** On this point, Mason argues that the trial court did not comply with Crim.R. 11(B)(2) and inform him of the effect of his no contest plea.   We   disagree.

**{¶34}** Crim.R. 11 pleas involve constitutional and nonconstitutional rights. *State v. Otterbacher*, 8th Dist. Cuyahoga No. 102644, 2015-Ohio-4680, ¶ 7, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 474, ¶ 14-21.

**{¶35}**   While the trial court cited elements of the plea colloquy addressing Mason's understanding that he was waiving certain constitutional rights by pleading no contest, it did not specifically quote the language in Crim.R. 11(B)(2).   A defendant pleading no contest must be informed that the plea "is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *State v. Jones*, 116 Ohio St. 3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 23, citing Crim.R. 11(B)(2).

**{¶36}**   Compliance with Crim.R. 11(B)(2) is nonconstitutional.   The impact of a failure to comply with a nonconstitutional right requires a "substantial-compliance"

analysis. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

"Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Clark* at ¶ 48, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 92-93, 364 N.E.2d 1163 (1977).

> [I]f the trial court completely fails to comply with the effect-of-plea requirement in Crim.R. 11(C)(2)(b), prejudice does not need to be demonstrated. A complete failure occurs when the record is devoid of any explanation of the no-contest plea. *See E. Cleveland v. Zapo*, 8th Dist. Cuyahoga No. 96718, 2011-Ohio-6757, ¶ 10 (finding the trial court completely failed to comply with the effect-of-plea requirement because the record was devoid of any explanation of the no-contest plea thus rendering the prejudice analysis unnecessary); *State v. Ramey*, 7th Dist. Mahoning No. 13 MA 64, 2014-Ohio-2345, ¶ 16 (stating that a complete failure to comply with the effect-of-plea requirement is akin to trial court merely asking the defendant what his plea was and not attempting to inform the defendant of the effect of the plea). *Compare State v. Durkin,* 7th Dist. Mahoning No. 13 MA 36, 2014-Ohio-2247, ¶ 18 (finding there was not a complete failure to comply with the effect-of-plea requirement, but only a partial failure because the trial court attempted to advise defendant of the effect of the no-contest plea).

*State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 11.

{¶37} The trial court reviewed the constitutional rights and the possible sentences, and ultimately stated Mason's "plea is found to be knowingly, intelligently and voluntarily made." After sentencing, the trial court informed Mason that, in pleading no contest, he had the right to appeal the ruling on the motion to suppress. Mason confirmed his understanding.

{¶38} Distinguishing cases involving misdemeanors and failure to advise of postrelease control, we have held that a trial court's failure to inform a "defendant the

effect of a plea to a felony, does not invalidate the plea unless" the defendant is able to demonstrate prejudice due to the lack of substantial compliance. *State v. Simonoski*, 8th Dist. Cuyahoga No. 98496, 2013-Ohio-1031, ¶ 11, citing *State v. Griggs*, 103 Ohio St.2d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 53; *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 14-17; and *State v. Petitto*, 8th Dist. No. 95276, 2011-Ohio-2391, ¶ 5-8 (finding no prejudice by the trial court's failure to advise defendant of effect of guilty plea).

**{¶39}** We thus determined in *Simonoski* that the analysis for guilty pleas applied to no contest pleas also. Here, as in *Simonoski*, Mason "never asserted his innocence; therefore, we presume the court's failure to advise him regarding the effect of his no contest plea was not prejudicial." *Simonoski* at ¶ 13. Mason has not demonstrated that, but for the omission, he would not have entered a no contest plea to the charges that would establish prejudice. *Id.* at ¶ 9, citing *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

**{¶40}** The second assigned error is without merit.

**C. Postrelease Control**

**{¶41}** Mason seeks to vacate his guilty plea for the court's misstating the term of the postrelease control. The trial court incorrectly stated that the postrelease control term was for "three years" and not five years as dictated by R.C. 2967.28(B)(1):

> You're subject to Postrelease Control for three years on each of the counts. If you violate the conditions of Postrelease Control, the Parole Board must impose an additional prison term for up to one-half of the term that I've imposed. (Tr. 15.)

**{¶42}** The journal entry provides:

> Postrelease control is part of this prison sentence for 3 years mandatory for the above felony(s) under R.C. 2967.28. Defendant advised that if/when postrelease control supervision is imposed following his/her release from prison and if he/she violates that supervision or condition of postrelease control under R.C. 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

**{¶43}** This is not a case where the trial court failed to advise Mason that he would be subject to postrelease control. *See State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. We determined in *State v. Lang,* 8th Dist. Cuyahoga No. 92099, 2010-Ohio-433, that the trial court's statement that the defendant "may be subject" to postrelease control "for a period of up to three years" when the correct period was a mandatory five-year term was a failure to substantially comply with statutory requirements. *Id*. at ¶ 11. However, we did not vacate the plea because the defendant failed to demonstrate prejudice. *Id*. at ¶ 12, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. A plea must be vacated where a trial judge fails completely to mention postrelease control. *Id.*

**{¶44}** As with the analysis of the second assignment of error herein, there is no evidence in the record that the period of postrelease control "was of particular concern or import to" Mason. *Id*. at ¶ 14. "The reduction in sentence that the plea offered may be viewed as the possible impetus for entering into the plea.*" Id.*

**{¶45}** The third assignment of error has merit insofar as the court misstated the nature of postrelease control; however, this court is not required to "remand a sentence

that includes an improper period of postrelease control." *State v. Christinger,* 8th Dist. Cuyahoga No. 94632, 2011-Ohio-458, ¶ 5, citing *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30. We therefore modify and correct Mason's term of mandatory postrelease control from three years to five years under R.C. 2953.08(G)(2). *Christinger* at ¶ 6.

### D. Record of Proceedings

**{¶46}** Mason contends that the trial court's failure to record the May 4, 2016 proceedings violated his due process rights as well as Crim.R. 22, which requires that "[i]n serious offense cases all proceedings shall be recorded." We disagree.

**{¶47}** Mason's motion for reconsideration claims the "court stated it would consider the pleadings and consider whether a hearing would need to be conducted." The state argues that the trial court's journal entry properly reflects the proceedings. The entry provides, "the parties agreed to the court's ruling on the motion on pleadings."

**{¶48}** What is indisputable is that Mason's failure to request that the hearing proceedings be recorded waived the issue. "A reversal will not occur as a result of unrecorded proceedings when the defendant failed to object and fails to demonstrate material prejudice.*"* *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 183, citing *State v. Palmer*, 80 Ohio St.3d 543, 554, 1997-Ohio-312, 687 N.E.2d 685.

**{¶49}** We further note that, as was the case in *Leonard*, there was no attempt "to invoke the procedures of App.R. 9(C) or 9(E) to reconstruct the off-the-record

conferences or to establish their importance."   *Id*. at ¶ 184.

{¶50}   The fourth assigned error is overruled.

## III.   Conclusion

{¶51}   Judgment is affirmed as modified and remanded with instructions for the court to correct the sentencing entry to reflect the proper period of postrelease control.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR