[Cite as *State v. Mason*, 2019-Ohio-1773.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107447 |
| v. | : | |
| RODERICK J. MASON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 9, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-602780-A

### *Appearances:*

Mancino Mancino and Mancino, Paul A. Mancino, Jr., *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and Christopher D. Schroeder, Assistant Prosecuting Attorney, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Roderick J. Mason, appeals his sentence. He raises two assignments of error for our review:

1. Defendant was denied due process of law when the court modified defendant's sentence without defendant being personally present.

2. Defendant was denied due process of law when the court increased defendant's sentence by adding an additional period of post-release control [after] defendant had been sentenced and was serving his previously imposed sentence.

{¶ 2} Finding merit to Mason's first assignment of error, we reverse and remand this case for the trial court to hold a limited resentencing hearing — during which Mason is allowed to be present — to impose the proper period of postrelease control.

## I.    Procedural History and Factual Background

{¶ 3} We set forth most of the procedural history of this case in *State v. Mason*, 8th Dist. Cuyahoga No. 104533, 2017-Ohio-7065.

{¶ 4} On January 29, 2016, the Cuyahoga County Grand Jury indicted Mason for two counts of trafficking in violation of R.C. 2925.03(A)(2), one a felony of the first degree and the other a felony of the third degree; two counts of drug possession in violation of R.C. 2925.11(A), one a felony of the first degree and the other a felony of the third degree; one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree; and one count of possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The counts for trafficking and drug possession each carried one-year firearm specifications and numerous forfeiture specifications. The counts for having weapons while under disability and possessing criminal tools also contained forfeiture specifications. Mason pleaded not guilty.

{¶ 5} In May 2016, however, Mason retracted his not guilty plea and entered a plea of no contest to the indictment. After the state presented the factual basis for the no contest pleas, the trial court found him guilty.

{¶ 6} The trial court found that Mason's convictions for trafficking merged with his convictions for drug possession. The state elected to proceed on sentencing for the drug possession convictions. The trial court sentenced him to 11 years for a first-degree felony of drug possession plus one year for the firearm specification; two years for third-degree felony of drug possession; nine months for possessing criminal tools; and two years for having weapons while under disability. The trial court ran Mason's sentences for drug possession (with the one-year sentence for the firearm specification) and having weapons while under disability consecutive to one another and ran his sentence for possessing criminal tools concurrently, giving Mason an aggregate sentence of 16 years.[1] The trial court also suspended Mason's driver's license for four years, ordered Mason to forfeit his assets, and waived costs and fines.

{¶ 7} Mason appealed, raising a number of arguments including the denial of his motion to suppress, whether the trial court informed him of the effect of his no contest pleas, the trial court's advisement regarding postrelease control, and failure to record a particular hearing during the lower court proceedings.

---

[1] According to the Ohio Department of Rehabilitation and Correction's website, Mason's stated prison term is set to expire on January 13, 2032.

{¶ 8} We overruled Mason's assignments of error regarding his motion to suppress, no contest plea, and the failure to record a hearing and affirmed Mason's convictions on appeal. Nevertheless, we agreed with Mason that the trial court "incorrectly stated that the postrelease control term was for 'three years' and not five years as dictated by R.C. 2967.28(B)(1)[.]" *Mason*, 8th Dist. Cuyahoga No. 104533, 2017-Ohio-7065, at ¶ 41. We stated that despite this error, Mason did not demonstrate prejudice. Specifically, we found "there is no evidence in the record that the period of postrelease control 'was of particular concern or import to' Mason. [*State v. Lang*, 8th Dist. Cuyahoga No. 92099, 2010-Ohio-433, ¶ 14.] 'The reduction in sentence that the plea offered may be viewed as the possible impetus for entering into the plea.'" *Id.* at ¶ 44. Therefore, we found that even though the trial court "misstated the nature of postrelease control[,]" we were not required to vacate Mason's plea or remand his sentence, and we instead modified and corrected his term of mandatory postrelease control from three years to five years. *Id.* at ¶ 45.

{¶ 9} Mason appealed our decision to the Ohio Supreme Court, but it did not accept his appeal for review. *State v. Mason*, 152 Ohio St.3d 1425, 2018-Ohio-923, 93 N.E.3d 1005.

{¶ 10} Subsequent to the Ohio Supreme Court's denial, the trial court, without holding a hearing, issued a journal entry on April 19, 2018, stating,

> Pursuant to remand from the court of appeals, the defendant advised of post release control for 5 years mandatory. Defendant advised that if/when post release control supervision is imposed following his/her release from prison and if he/she violates that supervision or condition of post release control under R.C. 2967.131(B), parole board may

impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

{¶ 11} Mason moved to vacate the trial court's judgment, but the trial court denied his motion in June 2018.

{¶ 12} Mason now appeals.

## II. Law and Analysis

### A. Modification of Mason's Sentence

{¶ 13} In his first assignment of error, Mason argues that the trial court erred when it modified his sentence in his absence in violation of Crim.R. 43. While he acknowledges that the modification was due to a remand by the court of appeals, he argues that he was still entitled to be present for that modification.

{¶ 14} In response, the state argues that we did not remand Mason's case for resentencing and instead "exercised [our] own statutory authority to modify Mason's sentence." It also argues that Mason had no right to be present for the trial court's issuance of a journal entry that reflected our mandate because such an issuance was a ministerial act and not a critical stage of the proceedings. Finally, the state argues that even if Mason's absence constituted an error, that error was harmless because Mason's presence or absence would not have affected the outcome of any proceedings or resulted in prejudice since the trial court had "no discretion."

{¶ 15} Foremost, both Crim.R. 43 and R.C. 2929.191 provide defendants a right to be present during the imposition of their sentences. Crim.R 43 states in relevant part, "Except as provided in Rule 10 of these rules and division (A)(2) of

this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."  R.C. 2929.191 states in relevant part:

> On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction * * * *shall not issue the correction until after the court has conducted a hearing* in accordance with this division.  Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction.  *The offender has the right to be physically present at the hearing*, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible.  An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing.  At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

(Emphasis added.)

{¶ 16}  The Ohio Supreme Court has held that "a resentencing hearing held for the limited purpose of properly imposing statutorily mandated postrelease control is a critical stage of a criminal proceeding."  *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 15.[2]  In that case, the Ohio Supreme Court stated that "'[a] defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a

---

[2] In *Schleiger*, the Ohio Supreme Court analyzed "whether a defendant is entitled to counsel at a resentencing hearing conducted solely for the purpose of properly imposing statutorily mandated postrelease control."  *Id.* at ¶ 12.

particular result of the sentencing process.'" *Id.* at ¶ 14, quoting *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). The court said that it had "previously explained that terms of postrelease control are 'part of the actual sentence' and that the court must inform the offender regarding these terms, because sentencing is a judicial function[.]" *Id.*, quoting *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000). The court stated that if postrelease control is improperly imposed, a trial court "may correct the sentence in accordance with the procedures set forth in R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction." *Id.*, citing R.C. 2929.191(C) and *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

{¶ 17} The state acknowledges *Schleiger*, but argues that it is distinguishable because we did not remand Mason's case for resentencing as the court did in *Schleiger*, but "instead, modified the postrelease control portion of Mason's sentence itself to correct the error." It argues that unlike the resentencing that occurred in *Schleiger*, the trial court's issuance of a journal entry to comply with our modification was "a purely ministerial that did not qualify as a critical stage of the proceedings."

{¶ 18} While the state is correct that the facts in *Schleiger* are not entirely aligned with those in this case, we disagree that Mason does not have a right to be present at all critical stages of his criminal proceedings and that a resentencing hearing is unnecessary when an appellate court modifies a defendant's period of postrelease control on appeal. Agreeing with the state would undermine the plain

language of R.C. 2929.191 and cut against the Ohio Supreme Court's finding that resentencing is a critical stage of criminal proceedings that triggers a defendant's right to be present under R.C. 2929.191 and Crim.R. 43.

{¶ 19} In fact, the Fourth District recently rejected an argument similar to the state's in *State v. Smith*, 4th Dist. Scioto No. 14CA3657, 2015-Ohio-841. There, the Fourth District reviewed the trial court's denial of the defendant's request for resentencing after the trial court failed to impose mandatory fines and driver's license suspension. The court found that the trial court erred by denying the defendant's request for resentencing because such an error "requires resentencing" to impose the necessary punishments. *Id.* at ¶ 9. The Fourth District disagreed with the state's position, which was that a resentencing hearing was not necessary because the trial court could simply issue an amended judgment entry correcting the void sentence. The Fourth District pointed to the Ohio Supreme Court's holding in *Schleiger* and Crim.R. 43, which it found "provide[d] a criminal defendant the right to be present at every stage of the criminal proceedings and any modification of a sentence." *Id.* at ¶ 12. Concluding that a resentencing hearing to impose the mandatory punishments "constitutes a critical stage of the proceedings at which [the defendant] must be present and represented by counsel[,]" the court reversed the trial court's decision and remanded the case for resentencing. *Id.* at ¶ 13.

{¶ 20} Even though we modified Mason's sentence on appeal and did not remand Mason's original appeal for resentencing like the court did in *Smith*, we find that a resentencing hearing to notify Mason of the modification in open court and

during which Mason has the right to be present is necessary under both Crim.R. 43 and R.C. 2929.191. *See State v. Williams*, 1st Dist. Hamilton No. C-150249, 2016-Ohio-5827, ¶ 82 ("When a sentence is pronounced in open court is later modified and the judgment entry reflects the modification, the modification must have been made in open court in the defendant's presence."); *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 11 ("Patrick's sentence is contrary to law because the sentence announced by the trial court at the hearing differed from that in the sentencing entry. This difference is material, in that it increased Patrick's sentence by a year, and violated his right under Crim.R. 43 to be present during sentencing. Appellee does not dispute that the trial court erred in this regard."); *State v. Porter*, 4th Dist. Pickaway No. 08CA26, 2009-Ohio-3112, ¶ 35 ("The trial court sentenced Porter to a period of post-release control for five years, but the trial court failed to announce that modified decision from the bench in the presence of Porter at the sentencing hearing. Under these circumstances, this Court must vacate the sentence and remand this case for re-sentencing.").

{¶ 21} Accordingly, it is now clear that we did not have the authority to modify Mason's postrelease control in his first appeal. In that appeal, we relied on *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and found that we did not have to remand Mason's sentence and could modify it ourselves. *Id.* at ¶ 45. While *Fischer* held that an appellate court has the discretion to correct "a defect in a sentence without a remand" and that "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient

remedy for a void sentence[,]" *Fischer's* holding only applies "to sentences lacking postrelease-control notification[s] that were imposed *prior* to the effective date of R.C. 2929.191." *State v. Dudas*, 11th Dist. Lake No. 2011-L-094, 2012-Ohio-2122, ¶ 23. Sentences imposed after the effective date of R.C. 2929.191 — July 11, 2006 — are subject to the statute's hearing requirements and may not be corrected via appellate modification, a principle which we have recognized before. *State v. Pace*, 8th Dist. Cuyahoga No. 105491, 2018-Ohio-275, ¶ 17 ("R.C. 2929.191 requires that the court hold a hearing with the offender, who shall be represented by counsel, and the prosecutor.").

{¶ 22} Other appellate courts have recognized that a resentencing hearing is necessary to correct a defendant's postrelease control imposed after July 11, 2006, pursuant to R.C. 2929.191 as well. *See State v. McCrae*, 5th Dist. Muskingum No. CT2016-0047, 2016-Ohio-8182, ¶ 14 ("We find appellant's sentence with regards to post-release control must be corrected via a resentencing hearing."); *State v. Babyak*, 12th Dist. Madison No. CA2014-08-016, 2015-Ohio-1489, ¶ 15 ("[W]e set aside that part of the corrected sentencing entry purporting to impose postrelease control and remand the cause to the trial court for the limited purpose of correcting the improper imposition of postrelease control according to the procedures outlined in R.C. 2929.191."). R.C. 2929.191 and Crim.R. 43 make it clear that an appellate court may not modify a defendant's postrelease control and must instead reverse and remand a defendant's void postrelease control portion of his sentence for a new resentencing hearing.

{¶ 23} Further, there is nothing in R.C. 2953.08 — which says that an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed" — that allows us to conclude that the General Assembly intended on depriving defendants of their right to a resentencing hearing through appellate modification. *See State v. Peace*, 3d Dist. Hancock No. 5-12-04, 2012-Ohio-6118, ¶ 14 ("[P]ostrelease control is part of the defendant's sentence and * * * has serious consequences in that it restricts the defendant's rights upon his release from imprisonment[,] * * * a limited hearing for the purpose of imposing postrelease control serves the critical function of properly handing down a criminal sentence that is in accord with the General Assembly's and the courts' directives.").

{¶ 24} Therefore, we agree with Mason that the trial court erred by not holding a hearing to impose the statutorily mandated postrelease control and allowing him to be present during such a hearing.[3]

{¶ 25} Finally, we reject the state's contention that the error was harmless and that Mason did not suffer prejudice. While appellate courts routinely analyze Crim.R. 43 violations for prejudice, nothing in R.C. 2929.191's plain language requires a defendant to show prejudice, and we have found no case law from the Ohio Supreme Court or other appellate districts requiring a defendant to show prejudice when a trial court fails to comply with the statute's processes. Therefore,

---

[3] During the resentencing hearing, the trial court may permit Mason to appear at the hearing by video-conferencing equipment instead of being physically present. R.C. 2929.191(C); *Pace*, 8th Dist. Cuyahoga No. 105491, 2018-Ohio-275, at ¶ 17 ("The offender may be physically present or may consent to appear by video conference.").

we hold that Mason is not required to show prejudice to receive his statutorily required resentencing hearing.

{¶ 26} Accordingly, we sustain Mason's first assignment of error.

**B. Increase of Mason's Sentence**

{¶ 27} In his second assignment of error, Mason argues that the trial court erred by increasing his sentence and "adding an additional period of post-release control after [he] had been sentenced and was serving his previously imposed sentence." Our resolution of Mason's first assignment of error, however, renders his second assignment of error moot.

{¶ 28} Judgment reversed and remanded. The trial court's April 19, 2018 judgment entry imposing the correct period of postrelease control is vacated. Case is remanded for the trial court to hold a limited resentencing hearing to properly impose postrelease control and allow Mason to be physically present or appear via video-conferencing equipment for that hearing. The limited hearing must cover only the imposition of postrelease control.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR